FILED
DECEMBER 5, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

07 C 6843

JUDGE GOTTSCHALL
MAGISTRATE JUDGE BROWN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY GOTTLIEB, Trustee of the NITA STRICKLAND BUSH ESTATE TRUST and Administrator of BURNING BUSH MUSIC<br><br>Plaintiffs,<br><br>v.<br><br>DDB CHICAGO, INC., and CAPITAL ONE FINANCIAL CORPORATION,<br><br>Defendant(s). | Case No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiffs, ANTHONY GOTTLIEB, Trustee of the NITA STRICKLAND BUSH ESTATE TRUST and Administrator of BURNING BUSH MUSIC, brings this action against defendants DDB CHICAGO, INC., and CAPITAL ONE FINANCIAL CORPORATION, for injunctive relief, damages and attorneys' fees under the copyright laws of the United States.

### SUBJECT MATTER JURISDICTION

1.  This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

2.  This Court has subject matter jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338(a) and (b).

### VENUE

3.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a).

1

**PARTIES AND PERSONAL JURISDICTION**

4.     Plaintiff, ANTHONY GOTTLIEB is Trustee of the NITA STRICKLAND BUSH ESTATE TRUST and also the Administrator of BURNING BUSH MUSIC (collectively "BUSH TRUST") located in Hendersonville, Tennessee.

5.     THE NITA STRICKLAND BUSH ESTATE TRUST owns or co-owns several copyrighted works by Allen Sherman and Louis Bush.  BURNING BUSH MUSIC is co-publisher of those works.  One such famous work is entitled "Hello Muddah, Hello Fadduh" commonly known as "A Letter From Camp" or "Camp Granada".

6.     Defendant DDB CHICAGO, INC. ("DDB") is a Delaware corporation doing business at 200 East Randolph Street, Chicago, Illinois.  DDB is in the business of providing advertising strategies, concepts and material for its clients for use over several mediums such as television, radio and newsprint.  DDB is responsible for conceptualizing, creating and producing a television commercial for defendant CAPITAL ONE FINANCIAL CORPORATION using Plaintiff's copyrighted work.  DDB does business in Illinois and has directed its infringing work to Illinois residents through national and local television broadcasts.

7.     Defendant CAPITAL ONE FINANCIAL CORPORATION ("CAPITAL ONE") is a Virginia corporation, doing business at 1680 Capital One Drive, McLean, Virginia.  CAPITAL ONE is a diversified financial services corporation, which markets a variety of financial products and services through its banking and non-banking subsidiaries, global financial services, and U.S. Capital One Credit Card.  CAPITAL ONE does business in Illinois and has directed its infringing advertisement to Illinois residents through local and national television broadcasts.

**BACKGROUND AND FACTS**

8. Plaintiff BUSH TRUST is the estate of Louis Bush, the co-author of the copyrighted work "Hello Muddah, Hello Fadduh" and is the owner of that copyrighted work. BURNING BUSH MUSIC is a co-publisher of that work.

9. In 1963, Louis Bush a/k/a Lou Busch and Allan Sherman co-authored the copyrighted work titled "Hello Muddah, Hello Fadduh" consisting of words, lyrics, musical adaptation and arrangement. This work was granted U.S. Copyright Registration. No. Eu 781914 on July 29, 1963.

10. "Hello Muddah, Hello Fadduh" was granted renewal copyright number RE 554-595 on November 18, 1991.

11. "Hello Muddah, Hello Fadduh" (sometimes called "A Letter From Camp" or "Camp Granada") is Allan Sherman's best known song parody. It reached Number 2 on the Billboard Hot 100 in August 1963 and remained there for three weeks. Since then, the work has been performed on radio, television and theater. Sherman performed the work on the Johnny Carson Tonight Show. The work has been the subject of an episode of The Simpsons in 1995 and performed in numerous theatrical revues throughout the world. The Sherman/Bush "Hello Muddah, Hello Fadduh" work is famous worldwide.

12. Louis Bush a/k/a Lou Busch was one of the most prolific musical arrangers in the music industry. His works were performed by numerous famous singer/songwriters and spanned more than 50 years in radio and live performance, studio and musical recordings. In that time, Lou Busch gained fame and notoriety throughout the world.

13. Since 1963, the BUSH TRUST has routinely granted licenses to reproduce, to synchronize, to perform and to copy the copyrighted work. These licenses have been used in several mediums including motion pictures and commercial advertisements. In the 1980's, the

song was spoofed in a series of commercials for Proctor & Gamble's Downey fabric softener. In 2004 and 2005, the work gained extensive public exposure as the lead song for a commercial for Bayer AG's K9 Advantix flea control product.

14. In 2006, the BUSH TRUST became aware that Defendant CAPITAL ONE had used "Hello Muddah, Hello Fadduh" in connection with marketing and advertising its products and services, specifically, the CAPITAL ONE Bank Card commercial titled "Summer Camp". This advertisement is set in a children's camp (Camp Wikiwa) and appeared numerous times on local and national broadcast television.

15. In July of 2006, Plaintiff notified Defendant CAPITAL ONE that the "Summer Camp" advertisement was infringing the plaintiff's copyrighted work. Despite such notice, Defendant continued to infringe on the copyright, and refused to obtain a synchronization or other license to use, copy or perform the copyrighted work.

16. Plaintiffs own or co-own all right, title and interest in and to the United States Copyright Certificate of Registration for the work entitled "Hello Muddah, Hello Fadduh" and has standing to sue for enforcement of that copyright. A true and correct copyright registration certificate Eu 781914 is attached as Exhibit 1.

17. Plaintiffs have complied in all respects with the Copyright Act 17 U.S.C. § 101 *et seq.* and the copyright for the work has been registered in accordance with that Act and all other laws governing copyrights as indicated by the Certificate of Registration. Plaintiffs have secured the exclusive rights and privileges in and to the identified copyright and received from the Register of Copyrights the appropriate Certificate of Registration. The certificate constitutes *prima facie* evidence of the validity of that copyright.

**COUNT I**
**COPYRIGHT INFRINGEMENT BY DEFENDANT CAPITAL ONE**

Plaintiff realleges paragraphs 1-17 above and incorporates those allegations as its paragraphs 1-17 of this Count I.

18.     CAPITAL ONE directly infringed Plaintiff's exclusive rights in its copyrighted work in violation of 17 U.S.C. §§ 106(1) – 106 (6).

19.     CAPITAL ONE has advertised and promoted its U.S. Capital One Credit Card product using Plaintiff's copyrighted work.  CAPITAL ONE's actions violated Plaintiff's exclusive rights by copying, publicly performing and creating a derivative work of the original work or constituent elements thereof, and by authorizing the copying and performance of those works without permission or authorization from Plaintiff.

20.     CAPITAL ONE's acts of infringement were done with knowledge that such actions constitute an infringement of Plaintiff's exclusive rights and are, therefore, willful.

WHEREFORE, Plaintiff prays this Court will enter judgment against Defendant CAPITAL ONE for copyright infringement, and enter a finding that such infringement is willful, further ordering that Defendant CAPITAL ONE:

    a.     be permanently enjoined from infringement of Plaintiff's copyright as provided in 17 U.S.C. § 502;

    b.     pay Plaintiff its damages as provided in 17 U.S.C. § 504, for all infringements;

    c.     pay Plaintiff its costs and attorneys' fees as provided by 17 U.S.C. § 505; and

    d.     provide such other remedies under the copyright laws of the United States and/or as the Court deems reasonable and just.

## COUNT II
## COPYRIGHT INFRINGEMENT BY DEFENDANT DDB

Plaintiff realleges paragraphs 1-20 above and incorporates those allegations as its paragraphs 1-20 of this Count II.

21. Defendant DDB directly infringed Plaintiff's exclusive rights in its copyrighted work in violation of 17 U.S.C. §§ 106(1) – 106(6).

22. Upon information and belief, DDB created and produced the infringing work and knowingly planned the distribution method for publicly performing a work infringing on Plaintiff's copyrighted work.  DDB's actions violated Plaintiff's exclusive rights by copying, publicly performing and creating a derivative work of the copyrighted original work, or the constituent elements thereof, and by authorizing the unlawful reproduction and public performance of those works without permission or authorization from Plaintiff.

23. DDB's acts of infringement were done with knowledge that such actions constitute an infringement of Plaintiff's exclusive rights and are, therefore, willful.

WHEREFORE, Plaintiff prays this Court will enter judgment against Defendant DDB for copyright infringement, and enter a finding that such infringement is willful, further ordering that Defendant DDB:

a. be permanently enjoined from infringement of Plaintiff's copyright as provided in 17 U.S.C. § 502;

b. pay Plaintiff its damages as provided in 17 U.S.C. § 504, for all infringements;

c. pay Plaintiff its costs and attorneys' fees as provided by 17 U.S.C. § 505; and

d. provide such other remedies under the copyright laws of the United States and/or as the Court deems reasonable and just.

## COUNT III
## CONTRIBUTORY INFRINGEMENT BY DEFENDANT CAPITAL ONE

Plaintiff realleges paragraphs 1-23 above and incorporates those allegations as its paragraphs 1-23 of this Count III against CAPITAL ONE for contributory copyright infringement.

24.    Defendant CAPITAL ONE knew or should have known of the infringing activity by DDB.

25.    Defendant CAPITAL ONE aided, enabled, induced, caused and/or contributed to the infringing activity of DDB.

26.    DDB's acts of copying, publicly performing and creating a derivative work is a direct infringement of Plaintiff's copyright in its original work.

WHEREFORE, Plaintiff prays this Court will enter judgment against Defendant CAPITAL ONE for its contributory infringement of Plaintiff's copyrights, and enter a finding that such contributory infringement was willful, further ordering that Defendant CAPITAL ONE:

a.    be permanently enjoined and restrained from all acts of infringement of Plaintiff's copyright as provided in 17 U.S.C. § 502, further enjoining Defendant and all those in concert of participation with it from further acts of infringement and contributory infringement of Plaintiff's copyright;

b.    pay Plaintiff its damages as provided in 17 U.S.C. § 504;

c.    pay Plaintiff its costs and attorneys' fees as provided under 17 U.S.C. § 505; and

d.    provide Plaintiff such other remedies under the copyright laws of the United States and/or as the Court deems reasonable and just.

## COUNT IV
## CONTRIBUTORY INFRINGEMENT BY DEFENDANT DDB

Plaintiff realleges paragraphs 1-26 above and incorporates those allegations as its paragraphs 1-26 of this Count IV against DDB for contributory copyright infringement.

27.  Defendant DDB knew or should have known of the infringing activity by CAPITAL ONE.

28.  Defendant DDB aided, enabled, induced, caused and/or contributed to the infringing activity of CAPITAL ONE.

29.  CAPITAL ONE's acts of copying, publicly performing and creating a derivative work are a direct infringement of Plaintiff's copyright in its original work.

WHEREFORE, Plaintiff prays this Court will enter judgment against Defendant DDB for its contributory infringement of Plaintiff's copyrights, and enter a finding that such contributory infringement was willful, further ordering that Defendant DDB:

a.  be permanently enjoined and restrained from all acts of infringement of Plaintiff's copyright as provided in 17 U.S.C. § 502, further enjoining Defendant and all those in concert of participation with it from further acts of infringement and contributory infringement of Plaintiff's copyright;

b.  pay Plaintiff its damages as provided in 17 U.S.C. § 504;

c.  pay Plaintiff its costs and attorneys' fees as provided under 17 U.S.C. § 505; and

d.  provide Plaintiff such other remedies under the copyright laws of the United States and/or as the Court deems reasonable and just.

## COUNT IV
## VICARIOUS INFRINGEMENT BY CAPITAL ONE

Plaintiff realleges paragraphs 1-29 above and incorporates those allegations as its paragraphs 1-29 of this Count V.

30.     Defendants DDB and CAPITAL ONE are jointly and severally liable for the direct infringement and contributory copyright infringement of plaintiff's copyright.

31.     During all times relevant, Defendant CAPITAL ONE had the right and ability to supervise the infringing activity of DDB and had a direct financial interest in the activities that gave rise to DDB's unauthorized copying and distribution of plaintiff's copyrighted work.

32.     As a direct and proximate result, CAPITAL ONE is vicariously liable for the infringing activities of DDB.

WHEREFORE, Plaintiff prays this Court will enter judgment against Defendant CAPITAL ONE for vicarious copyright infringement, and enter a finding that such infringement was willful, further ordering that Defendant CAPITAL ONE:

   a.     be permanently enjoined and restrained from infringing plaintiff's copyright;

   b.     pay Plaintiff its damages as provided in 17 U.S.C. § 504;

   c.     pay Plaintiff its costs and attorneys' fees as provided under 17 U.S.C. § 505; and

   d.     provide Plaintiff such other remedies under the copyright laws of the United States and/or as the Court deems reasonable and just.

Plaintiff requests trial by jury.

Respectfully submitted,


/s/ William L. Niro
William L. Niro
NIRO, SCAVONE, HALLER & NIRO
181 W. Madison St., Suite 4600
Chicago, Illinois 60602-4515
Telephone: (312) 236-0733
Facsimile: (312) 236-3137
***Attorney for Plaintiff***