IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY GOTTLIEB, Trustee of the NITA STRICKLAND BUSH ESTATE TRUST and Administrator of BURNING BUSH MUSIC,<br><br>Plaintiffs,<br><br>v.<br><br>DDB CHICAGO, INC., and CAPITAL ONE FINANCIAL CORPORATION,<br><br>Defendants. | Case No. 07 C 6843<br><br>Hon. Joan B. Gottschall<br>Magistrate Judge Geraldine Soat Brown |

### ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENT

Defendants DDB Chicago, Inc. and Capital One Financial Corporation, by their attorneys, answer Plaintiffs' Complaint as follows:

### SUBJECT MATTER JURISDICTION

1. This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

> **ANSWER:** Because this paragraph contains only legal conclusions, no answer is required. To the extent this paragraph is deemed to contain factual allegations, Defendants deny them.

2. This Court has subject matter jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338(a) and (b).

> **ANSWER:** Defendants admit that this Court has subject matter jurisdiction over this matter. Except as expressly admitted, Defendants deny the allegations in Paragraph 2.

1

**VENUE**

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a).

   **ANSWER:** Defendants admit that venue is proper in this district. Except as expressly admitted, Defendants deny the allegations in Paragraph 3.

**PARTIES AND PERSONAL JURISDICTION**

4. Plaintiff, ANTHONY GOTTLIEB is Trustee of the NITA STRICKLAND BUSH ESTATE TRUST and also the Administrator of BURNING BUSH MUSIC (collectively "BUSH TRUST") located in Hendersonville, Tennessee.

   **ANSWER:** Defendants are without sufficient information to either affirm or deny the truth of the allegations contained in Paragraph 4 and therefore deny them.

5. THE NITA STRICKLAND BUSH ESTATE TRUST owns or co-owns several copyrighted works by Allen Sherman and Louis Bush. BURNING BUSH MUSIC is co-publisher of those works. One such famous work is entitled "Hello Muddah, Hello Fadduh" commonly known as "A Letter From Camp" or "Camp Granada".

   **ANSWER:** Defendants are without sufficient information to either affirm or deny the truth of the allegations contained in Paragraph 5 and therefore deny them.

6. Defendant DDB CHICAGO, INC. ("DDB") is a Delaware corporation doing business at 200 East Randolph Street, Chicago, Illinois. DDB is in the business of providing advertising strategies, concepts and material for its clients for use over several mediums such as television, radio and newsprint. DDB is responsible for conceptualizing, creating and producing a television commercial for defendant CAPITAL ONE FINANCIAL CORPORATION using

Plaintiff's copyrighted work. DDB does business in Illinois and has directed its infringing work to Illinois residents through national and local television broadcasts.

>**ANSWER:** DDB admits that it is a Delaware corporation doing business at 200 East Randolph Street, Chicago, Illinois. DDB admits that it provides advertising concepts and material for its clients for use over mediums such as television, radio and newsprint, and that it has produced television commercials for a subsidiary of Capital One Financial Corporation. DDB admits that it does business in Illinois. Except as expressly admitted, DDB denies the allegations in Paragraph 6.

7. Defendant CAPITAL ONE FINANCIAL CORPORATION ("CAPITAL ONE") is a Virginia corporation, doing business at 1680 Capital One Drive, McLean, Virginia. CAPITAL ONE is a diversified financial services corporation, which markets a variety of financial products and services through its banking and non-banking subsidiaries, global financial services, and U.S. Capital One Credit Card. CAPITAL ONE does business in Illinois and has directed its infringing advertisement to Illinois residents through local and national television broadcasts.

>**ANSWER:** Capital One admits the allegations in the first and second sentences of Paragraph 7, except that Capital One denies that it, or any of its subsidiaries, markets a financial product or service known as "U.S. Capital One Credit Card." Capital One affirmatively alleges that it is a financial holding company doing business through subsidiary corporations, including Capital One Bank. Capital One admits that its subsidiaries, including Capital One Bank, do business in Illinois. Except as expressly admitted, Capital One denies the allegations in Paragraph 7.

## BACKGROUND AND FACTS

8.   Plaintiff BUSH TRUST is the estate of Louis Bush, the co-author of the copyrighted work "Hello Muddah, Hello Fadduh" and is the owner of that copyrighted work. BURNING BUSH MUSIC is a co-publisher of that work.

>   **ANSWER:** Defendants are without sufficient information to either affirm or deny the truth of the allegations contained in Paragraph 8 and therefore deny them.

9.   In 1963, Louis Bush a/k/a Lou Busch and Allan Sherman co-authored the copyrighted work titled "Hello Muddah, Hello Fadduh" consisting of words, lyrics, musical adaptation and arrangement. This work was granted U.S. Copyright Registration. No. Eu 781914 on July 29, 1963.

>   **ANSWER:** Defendants admit that Plaintiffs' Ex. 1 purports to represent that a work entitled "Hello Muddah, Hello Fadduh" was granted U.S. Copyright Registration No. Eu 781914 on July 29, 1963. Defendants further state that Ex. 1 represents that "Hello Muddah, Hello Fadduh" is based on a work in the public domain entitled "Dance of the Hours." Defendants are without sufficient information to either affirm or deny the truth of the remaining allegations contained in Paragraph 9 and therefore deny them.

10.   "Hello Muddah, Hello Fadduh" was granted renewal copyright number RE 554-595 on November 18, 1991.

>   **ANSWER:** Defendants admit that Ex. 1 purports to represent that a work entitled "Hello Muddah, Hello Fadduh" was granted a renewal U.S. Copyright Registration No. RE 554-595 on November 18, 1991. Defendants are without

sufficient information to either affirm or deny the truth of the remaining allegations contained in Paragraph 10 and therefore deny them.

11. "Hello Muddah, Hello Fadduh" (sometimes called "A Letter From Camp" or "Camp Granada") is Allan Sherman's best known song parody. It reached Number 2 on the Billboard Hot 100 in August 1963 and remained there for three weeks. Since then, the work has been performed on radio, television and theater. Sherman performed the work on the Johnny Carson Tonight Show. The work has been the subject of an episode of The Simpsons in 1995 and performed in numerous theatrical revues throughout the world. The Sherman/Bush "Hello Muddah, Hello Fadduh" work is famous worldwide.

**ANSWER**: Defendants are without sufficient information to either affirm or deny the truth of the allegations contained in Paragraph 11 and therefore deny them.

12. Louis Bush a/k/a Lou Busch was one of the most prolific musical arrangers in the music industry. His works were performed by numerous famous singer/songwriters and spanned more than 50 years in radio and live performance, studio and musical recordings. In that time, Lou Busch gained fame and notoriety throughout the world.

**ANSWER**: Defendants are without sufficient information to either affirm or deny the truth of the allegations contained in Paragraph 12 and therefore deny them.

13. Since 1963, the BUSH TRUST has routinely granted licenses to reproduce, to synchronize, to perform and to copy the copyrighted work. These licenses have been used in several mediums, including motion pictures and commercial advertisements. In the 1980's, the song was spoofed in a series of commercials for Proctor & Gamble's Downey fabric softener. In

2004 and 2005, the work gained extensive public exposure as the lead song for a commercial for Bayer AG's K9 Advantix flea control product.

> **ANSWER:** Defendants are without sufficient information to either affirm or deny the truth of the allegations contained in Paragraph 13 and therefore deny them.

14. In 2006, the BUSH TRUST became aware that Defendant CAPITAL ONE had used "Hello Muddah, Hello Fadduh" in connection with marketing and advertising its products and services, specifically, the CAPITAL ONE Bank Card commercial titled "Summer Camp". This advertisement is set in a children's camp (Camp Wikiwa) and appeared numerous times on local and national broadcast television.

> **ANSWER:** Defendants admit that a Capital One Bank Card commercial set in a children's camp called Camp Wikiwa appeared numerous times on local and national broadcast television. Defendants deny that "Hello Muddah, Hello Fadduh" was used in connection with this commercial. Except as expressly admitted, Defendants deny the allegations in Paragraph 14.

15. In July of 2006, Plaintiff notified Defendant CAPITAL ONE that the "Summer Camp" advertisement was infringing the plaintiff's copyrighted work. Despite such notice, Defendant continued to infringe on the copyright, and refused to obtain a synchronization or other license to use, copy or perform the copyrighted work.

> **ANSWER:** Defendants admit that in July of 2006, Plaintiff Anthony Gottlieb contacted Capital One. Except as expressly admitted, Defendants deny the allegations in Paragraph 15.

16. Plaintiffs own or co-own all right, title and interest in and to the United States Copyright Certificate of Registration for the work entitled "Hello Muddah, Hello Fadduh" and has standing to sue for enforcement of that copyright. A true and correct copyright registration certificate Eu 781914 is attached as Exhibit 1.

> **ANSWER:** Defendants admit that Plaintiffs' Ex. 1 purports to represent copyright registration certificate EU 781914. Defendants further state that Ex. 1 represents that "Hello Muddah, Hello Fadduh" is based on a work in the public domain entitled "Dance of the Hours." Defendants are without sufficient information to either affirm or deny the truth of the remaining allegations contained in Paragraph 16 and therefore deny them.

17. Plaintiffs have complied in all respects with the Copyright Act 17 U.S.C. § 101 *et seq*. and the copyright for the work has been registered in accordance with that Act and all other laws governing copyrights as indicated by the Certificate of Registration. Plaintiffs have secured the exclusive rights and privileges in and to the identified copyright and received from the Register of Copyrights the appropriate Certificate of Registration. The certificate constitutes *prima facie* evidence of the validity of that copyright.

> **ANSWER:** Defendants are without sufficient information to either affirm or deny the truth of the allegations contained in Paragraph 17 and therefore deny them. Defendants deny that they have infringed on any copyrights owned by Plaintiffs.

## COUNT I
## COPYRIGHT INFRINGEMENT BY DEFENDANT CAPITAL ONE

Plaintiff realleges [sic] paragraphs 1-17 above and incorporates those allegations as its paragraphs 1-17 of this Count I.

**ANSWER:**  Defendants reallege their answers to Paragraphs 1-17 above and incorporate those answers as though fully set forth herein.

18. CAPITAL ONE directly infringed Plaintiff's exclusive rights in its copyrighted work in violation of 17 U.S.C. §§ 106(1) – 106(6).

**ANSWER:**  Capital One denies the allegations in Paragraph 18 in their entirety.

19. CAPITAL ONE has advertised and promoted its U.S. Capital One Credit Card product using Plaintiff's copyrighted work. CAPITAL ONE's actions violated Plaintiff's exclusive rights by copying, publicly performing and creating a derivative work of the original work or constituent elements thereof, and by authorizing the copying and performance of those works without permission or authorization from Plaintiff.

**ANSWER:**  Capital One denies the allegations in Paragraph 19 in their entirety.

20. CAPITAL ONE's acts of infringement were done with knowledge that such actions constitute an infringement of Plaintiff's exclusive rights and are, therefore, willful.

**ANSWER:**  Capital One denies the allegations in Paragraph 20 in their entirety.

WHEREFORE, Plaintiff prays [sic] this Court will enter judgment against Defendant CAPITAL ONE for copyright infringement, and enter a finding that such infringement is willful, further ordering that Defendant CAPITAL ONE:

a. be permanently enjoined from infringement of Plaintiff's copyright as provided in 17 U.S.C. § 502;

b. pay Plaintiff its damages as provided in 17 U.S.C. § 504, for all infringements;

c. pay Plaintiff its costs and attorneys' fees as provided by 17 U.S.C. § 505; and

d. provide such other remedies under the copyright laws of the United States and/or as the Court deems reasonable and just.

>**ANSWER:** No response is required to the legal conclusions and factual characterizations contained in Plaintiffs' prayer for relief. To the extent a response is required, Capital One denies the allegations in Plaintiffs' prayer for relief and denies that Plaintiffs are entitled to any relief whatsoever.

## COUNT II
## COPYRIGHT INFRINGEMENT BY DEFENDANT DDB

Plaintiff realleges [sic] paragraphs 1-20 above and incorporates those allegations as its paragraphs 1-20 of this Count II.

>**ANSWER:** Defendants reallege their answers to Paragraphs 1-20 above and incorporate those answers as though fully set forth herein.

21. Defendant DDB directly infringed Plaintiff's exclusive rights in its copyrighted work in violation of 17 U.S.C. §§ 106(1) – 106(6).

>**ANSWER:** DDB denies the allegations of Paragraph 21 in their entirety.

22. Upon information and belief, DDB created and produced the infringing work and knowingly planned the distribution method for publicly performing a work infringing on Plaintiff's copyrighted work. DDB's actions violated Plaintiff's exclusive rights by copying, publicly performing and creating a derivative work of the copyrighted original work, or the constituent elements thereof, and by authorizing the unlawful reproduction and public performance of those works without permission or authorization from Plaintiff.

>**ANSWER:** DDB denies the allegations of Paragraph 22 in their entirety.

23. DDB's acts of infringement were done with knowledge that such actions constitute an infringement of Plaintiff's exclusive rights and are, therefore, willful.

>**ANSWER:** DDB denies the allegations of Paragraph 23 in their entirety.

WHEREFORE, Plaintiff prays [sic] this Court will enter judgment against Defendant DDB for copyright infringement, and enter a finding that such infringement is willful, further ordering that Defendant DDB:

a. be permanently enjoined from infringement of Plaintiff's copyright as provided in 17 U.S.C. § 502;

b. pay Plaintiff its damages as provided in 17 U.S.C. § 504, for all infringements;

c. pay Plaintiff its costs and attorneys' fees as provided by 17 U.S.C. § 505; and

d. provide such other remedies under the copyright laws of the United States and/or as the Court deems reasonable and just.

**ANSWER:** No response is required to the legal conclusions and factual characterizations contained in Plaintiffs' prayer for relief. To the extent a response is required, DDB denies the allegations in Plaintiffs' prayer for relief and denies that Plaintiffs are entitled to any relief whatsoever.

## COUNT III
## CONTRIBUTORY INFRINGEMENT BY DEFENDANT CAPITAL ONE

Plaintiff realleges [sic] paragraphs 1-23 above and incorporates those allegations as its paragraphs 1-23 of this Count III against CAPITAL ONE for contributory copyright infringement.

**ANSWER:** Defendants reallege their answers to Paragraphs 1-23 above and incorporate those answers as though fully set forth herein.

24. Defendant CAPITAL ONE knew or should have known of the infringing activity by DDB.

**ANSWER:** Capital One denies the allegations of Paragraph 24 in their entirety.

25. Defendant CAPITAL ONE aided, enabled, induced, caused and/or contributed to the infringing activity of DDB.

**ANSWER:** Capital One denies the allegations of Paragraph 25 in their entirety.

26. DDB's acts of copying, publicly performing and creating a derivative work is a direct infringement of Plaintiff's copyright in its original work.

**ANSWER:** Defendants deny the allegations of Paragraph 25 in their entirety.

WHEREFORE, Plaintiff prays [sic] this Court will enter judgment against Defendant CAPITAL ONE for its contributory infringement of Plaintiff's copyrights, and enter a finding that such contributory infringement was willful, further ordering that Defendant CAPITAL ONE:

a. be permanently enjoined and restrained from all acts of infringement of Plaintiff's copyright as provided in 17 U.S.C. § 502, further enjoining Defendant and all those in concert of participation with it from further acts of infringement and contributory infringement of Plaintiff's copyright;

b. pay Plaintiff its damages as provided in 17 U.S.C. § 504;

c. pay Plaintiff its costs and attorneys' fees as provided under 17 U.S.C. § 505; and

d. provide Plaintiff such other remedies under the copyright laws of the United States and/or as the Court deems reasonable and just.

**ANSWER:** No response is required to the legal conclusions and factual characterizations contained in Plaintiffs' prayer for relief. To the extent a response is required, Capital One denies the allegations in Plaintiffs' prayer for relief and denies that Plaintiffs are entitled to any relief whatsoever.

## COUNT IV
## CONTRIBUTORY INFRINGEMENT BY DEFENDANT DDB

Plaintiff realleges [sic] paragraphs 1-26 above and incorporates those allegations as its paragraphs 1-26 of this Count IV against DDB for contributory copyright infringement.

> **ANSWER:** Defendants reallege their answers to Paragraphs 1-26 above and incorporate those answers as though fully set forth herein.

27. Defendant DDB knew or should have known of the infringing activity by CAPITAL ONE.

> **ANSWER:** DDB denies the allegations of Paragraph 27 in their entirety.

28. Defendant DDB aided, enabled, induced, caused and/or contributed to the infringing activity of CAPITAL ONE.

> **ANSWER:** DDB denies the allegations of Paragraph 28 in their entirety.

29. CAPITAL ONE's acts of copying, publicly performing and creating a derivative work are a direct infringement of Plaintiff's copyright in its original work.

> **ANSWER:** Defendants deny the allegations of Paragraph 29 in their entirety.

WHEREFORE, Plaintiff prays [sic] this Court will enter judgment against Defendant DDB for its contributory infringement of Plaintiff's copyrights, and enter a finding that such contributory infringement was willful, further ordering that Defendant DDB:

a. be permanently enjoined and restrained from all acts of infringement of Plaintiff's copyright as provided in 17 U.S.C. § 502, further enjoining Defendant and all those in concert of participation with it from further acts of infringement and contributory infringement of Plaintiff's copyright;

b. pay Plaintiff its damages as provided in 17 U.S.C. § 504;

c. pay Plaintiff its costs and attorneys' fees as provided under 17 U.S.C. § 505; and

    d.      provide Plaintiff such other remedies under the copyright laws of the United States and/or as the Court deems reasonable and just.

        **ANSWER:** No response is required to the legal conclusions and factual characterizations contained in Plaintiffs' prayer for relief. To the extent a response is required, DDB denies the allegations in Plaintiffs' prayer for relief and denies that Plaintiffs are entitled to any relief whatsoever.

## COUNT V
## VICARIOUS INFRINGEMENT BY CAPITAL ONE

Plaintiff realleges [sic] paragraphs 1-29 above and incorporates those allegations as its paragraphs 1-29 of this Count V.

        **ANSWER:** Defendants reallege their answers to Paragraphs 1-29 above and incorporate those answers as though fully set forth herein.

30. Defendants DDB and CAPITAL ONE are jointly and severally liable for the direct infringement and contributory copyright infringement of Plaintiff's copyright.

        **ANSWER:** Defendants deny the allegations of Paragraph 30 in their entirety.

31. During all times relevant, Defendant CAPITAL ONE had the right and ability to supervise the infringing activity of DDB and had a direct financial interest in the activities that gave rise to DDS's unauthorized copying and distribution of Plaintiff's copyrighted work.

        **ANSWER:** Defendants deny the allegations of Paragraph 31 in their entirety.

32. As a direct and proximate result, CAPITAL ONE is vicariously liable for the infringing activities of DDB.

        **ANSWER:** Defendants deny the allegations of Paragraph 32 in their entirety.

WHEREFORE, Plaintiff prays [sic] this Court will enter judgment against Defendant CAPITAL ONE for vicarious copyright infringement, end enter a finding that such infringement was willful, further ordering that Defendant CAPITAL ONE:

a. be permanently enjoined and restrained from infringing Plaintiff's copyright;

b. pay Plaintiff its damages as provided in 17 U.S.C. § 504;

c. pay Plaintiff its costs and attorneys' fees as provided under 17 U.S.C. § 505; and

d. provide Plaintiff such other remedies under the copyright laws of the United States and/or as the Court deems reasonable and just.

**ANSWER:** No response is required to the legal conclusions and factual characterizations contained in Plaintiffs' prayer for relief. To the extent a response is required, Defendants deny the allegations in Plaintiffs' prayer for relief and deny that Plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

**(Derivative Work)**

Plaintiffs' claims are barred by 17 U.S.C. § 103(b) because their work is a derivative work and their copyright only extends to material authored by Plaintiffs, as distinguished from the pre-existing material.

### SECOND DEFENSE

**(Exclusion of Ideas)**

Plaintiffs' claims are barred by 17 U.S.C. § 102(b).

### THIRD DEFENSE

**(No Substantial Similarity)**

Plaintiffs' claims are barred because there is no substantial similarity between Plaintiffs' work and Defendants' commercial.

## FOURTH DEFENSE

### (Public Domain)

Plaintiffs' claims are barred because Defendants based their commercial on work in the public domain.

WHEREFORE, Defendants DDB Chicago, Inc. and Capital One Financial Corporation request that the Court enter judgment against Plaintiffs and award Defendants reasonable attorneys fees and full costs of suit pursuant to 17 U.S.C. § 505.

Dated: January 8, 2008                    By: /s/ Ronald Y. Rothstein
                                          One of Defendants' Attorneys

                                          Ronald Y. Rothstein
                                          Bryna J. Dahlin
                                          WINSTON & STRAWN LLP
                                          35 W. Wacker Dr.
                                          Chicago, Illinois 60601
                                          (312) 558-5600
                                          Fax (312) 558-5700
                                          rrothstein@winston.com
                                          bdahlin@winston.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 8, 2008, the foregoing Answer was filed electronically with the Clerk of the Court using the ECF system, and is available for viewing and downloading from the ECF system.  Notice of Electronic Case Filing has been sent automatically to the following registered parties, which constitutes service of same, and satisfies the requirements of Fed. R. Civ. P. 5(b)(2)(D):

William L. Niro
Niro, Scavone, Haller & Niro
181 W. Madison St., Suite 4600
Chicago, IL 60602-4515
(312) 236-0733
fax (312) 236-3137
wniro@nshn.com

                                              /s/ Bryna J. Dahlin