$G$ $H$

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| ANTHONY GOTTLIEB, Trustee of the NITA STRICKLAND BUSH ESTATE TRUST and Administrator of BURNING BUSH MUSIC, | : | **Case No.: 07 C 6843** |
| Plaintiffs, | : | |
| v. | : | Hon. Joan B. Gottschall <br> Magistrate Judge Geraldine Soat Brown |
| DDB CHICAGO, INC., and CAPITAL ONE FINANCIAL CORPORATION, | : | |
| Defendants. | : | |
|  | : | |

## AGREED CONFIDENTIALITY AND PROTECTIVE ORDER

This cause coming to be heard on the joint motion of the parties to this action for the entry of the following Agreed Confidentiality and Protective Order, the parties having determined that certain documents and information produced or to be produced during discovery in this litigation should be kept confidential in order to protect the legitimate business interests of the parties, their customers, and other persons, including non-parties to this action and good cause for entering this Agreed Confidentiality and Protective Order ("Order") having been shown;

Wherefore, pursuant to Federal Rule of Civil Procedure 26(c) and the agreement of the parties herein, it is hereby ordered that the following procedures shall govern the

production and use of all documents, testimony, interrogatory answers, and other information in this action:

## Definitions

1.    Definitions for the purposes of this Order:

(a)    "Document" includes all tangible written, recorded or graphic material, any electronically stored information, however stored, produced, or reproduced, and intangible data files, such as magnetic computer files, whether produced or created by a party or another person, and whether produced pursuant to any state or federal discovery rules, by agreement or otherwise, and includes, without limitation, documents, interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, trial transcripts or other court transcripts, pleadings, motions, affidavits, declarations, affirmations, briefs, or other filings, and any portion of any of the above.

(b)    "Disclosed" means shown, divulged, revealed, produced, described, or transmitted, in whole or in part.

(c)    "Confidential Information" means any sensitive confidential research, design, development, financial, or commercial information contained in any document or testimony.

(d)    "Highly Confidential Information" shall include any trade secret or any confidential research, design, development, financial, or commercial information contained in any document or testimony within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure that is entitled to a higher level of protection due to its commercial sensitivity. All protections applicable under this Order to Confidential Information apply as well to Highly Confidential Information.

(e)    "Party" means a named plaintiff or defendant in this action, and their parents, subsidiaries, and affiliates.

(f)    "Third party" means any natural person, partnership, corporation or association, or other legal entity not named as a party to this action.

**Permissible Use of Confidential and Highly Confidential Information**

2.    Confidential or Highly Confidential Information may be disclosed only to those persons identified in paragraphs 10 and 11, respectively, below.  Any person obtaining access to Confidential or Highly Confidential Information in connection with this action shall use that information only in and for purposes of this action, and shall not use such Confidential or Highly Confidential Information for any other purpose, including the furtherance of that person's business interests.  If any person violates or threatens to violate any of the terms hereof, the aggrieved party may seek any appropriate relief from this or any other Court with jurisdiction.

3.    Confidential or Highly Confidential Information shall not be copied or reproduced for use in this action except to the extent such copying or reproduction is reasonably necessary to the conduct of this action, and all such copies or reproductions shall be subject to the terms of this Order.  If the duplicating process by which copies or reproductions of Confidential or Highly Confidential Information are made does not preserve the confidentiality designation that appears on the original documents, all such copies or reproductions shall be stamped "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate.

4.    Any third party becoming involved in this litigation at a later date will receive the benefit of this Order without requiring such a party to file a separate motion for confidentiality.

**Designation of Confidential or Highly Confidential Information**

5.      A party or third party may designate documents or information, including, without limitation, deposition transcripts and exhibits, or any other court transcript, as Confidential or Highly Confidential by placing on or affixing to a document containing such information (in such manner as will not interfere with the legibility thereof) the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of the document entitled to such designation.

6.      A designation of confidentiality shall constitute a representation to the Court, made in good faith, that the Confidential or Highly Confidential Information is not reasonably believed to be already in the public domain, and that counsel believes that the information so designated constitutes Confidential or Highly Confidential Information as defined in this Order.

7.      If during a deposition a Confidential or Highly Confidential document is used, then all deposition testimony relating to that document will correspondingly receive a Confidential or Highly Confidential designation.  If during a deposition a party or third party believes her or she is asked a question that elicits Confidential or Highly Confidential Information, the party or third party will have the opportunity, on the record, to orally designate the information contained in his or her corresponding response as Confidential or Highly Confidential.

8.      Transcripts of depositions taken in this action shall be given the protections of Highly Confidential Information under this Order for a period of fourteen (14) business days after a complete copy of the transcript has been provided to the deponent or his or her counsel in order to give the parties and third parties an opportunity to designate information contained in the transcript as Confidential or Highly Confidential Information.

9.    No more than fourteen (14) business days after receipt of the complete deposition transcript, counsel for any of the parties or the deponent may designate the portions of the deponent's deposition that qualify as Confidential or Highly Confidential Information by page number and line number. Such designation shall be communicated in writing to all parties. Any party or deponent may also designate specific testimony or transcript pages as Confidential or Highly Confidential by notice on the record at the deposition. Paragraphs 7 and 8 are not intended to supersede any designation made pursuant to paragraph 6 herein.

10.    The burden of proving that any information is Confidential or Highly Confidential shall remain with the party or third party making such designation.

### Permissible Disclosure of Confidential and Highly Confidential Information

11.    Confidential Information may be disclosed by the party-recipient only to:

(a)    Any party or one or more employees of any party-recipient to be mutually agreed upon by the parties, acting in good faith, with whom technical matters raised by the parties' Confidential Information may be addressed; an employee of the party-recipient with whom business or commercial matters raised by the parties' Confidential Information may be addressed;

(b)    Former employees, officers, partners, or directors of the party designating the document as Confidential (collectively "former employees"), provided that counsel has a good-faith basis for believing that such former employees had access to the Confidential Information when they were employees of the party designating the material as Confidential, and provided that counsel must ascertain as soon as practicable whether such former employees had such access, and provided that upon the first indication that such former employees did not have

such access, counsel must immediately refrain from any further disclosure to such former employees;

(c)    Counsel of record for the parties to this action, including in-house counsel and outside counsel, and legal assistants, secretaries, staff or agents working with or for counsel of record in connection with this action to the extent reasonably necessary to render professional services in this action;

(d)    Litigation support services, including outside copying services;

(e)    Deponents, trial witnesses, and hearing witnesses in this action (in the case of trial or hearings, subject to paragraph 20), provided that counsel has a good-faith basis for believing that such witnesses had access to or knowledge of the Confidential Information, and provided that counsel must ascertain as soon as practicable whether such witnesses had such access or knowledge, and provided that upon the first indication that such witnesses did not have such access or knowledge, counsel must immediately refrain from any further disclosure to such witnesses;

(f)    Any person identified as an author of a document designated as Confidential, or any person to whom a copy of such document was sent prior to its production in this action;

(g)    Court officials involved in this action;

(h)    Court reporting personnel involved in taking or transcribing testimony in this action; and

(i)    Outside consultants or experts retained for the purpose of assisting counsel in this action and one or two party-employees who have been appointed to act as a consultant or expert for their party-employer for the purpose of assisting counsel in this action.

12.    Highly Confidential Information may be disclosed by the party-recipient only to:

(a)    One business person and one in-house counsel for the party-recipient;

(b)    Former employees, officers, partners, or directors of the party designating the document as Highly Confidential (collectively "former employees"), provided that counsel has a good-faith basis for believing that such former employees had access to the Highly Confidential Information when they were current employees of the designating party, and provided that counsel must ascertain as soon as practicable whether such former employees had such access, and provided that upon the first indication that such former employees did not have such access, counsel must immediately refrain from any further disclosure to such former employees;

(c)    Outside counsel of record for the parties to this action, including attorneys and legal assistants, secretaries, staff, or agents working with or for counsel of record in connection with this action to the extent reasonably necessary to render professional services in this action;

(d)    Litigation support services, including outside copying services;

(e)    Deponents, trial witnesses and hearing witnesses in this action (in the case of trial or hearings, subject to paragraph 20), provided that counsel has a good-faith basis for believing that such witnesses had access to or knowledge of the Highly Confidential Information, and provided that counsel must ascertain as soon as practicable whether such witnesses had such access or knowledge, and provided that upon the first indication that such witnesses did not have such access or knowledge, counsel must immediately refrain from any further disclosure to such witnesses;

(f)    Any person identified as an author of a document designated as Highly Confidential, or any person to whom a copy of such document was sent prior to its production in this action;

(g)    Court officials involved in this action;

(h)    Court reporting personnel involved in taking or transcribing testimony in this action; and

(i)    Outside consultants or experts retained for the purpose of assisting counsel in this action and one or two party-employees who have been appointed to act as a consultant or expert for their party-employer for the purpose of assisting counsel in this action

13.    Notwithstanding the provisions of paragraphs 10 and 11 hereto, a person or party is free to disclose its own Confidential or Highly Confidential Information without restriction. Moreover, nothing shall prevent disclosure beyond the terms of this Order if the party or other person designating the documents as Confidential or Highly Confidential expressly consents to such disclosure, either in writing or on the record of any proceeding in this action. Such consent shall be given if it is shown that additional disclosure of Confidential or Highly Confidential Information is reasonably necessary to the prosecution or defense of the claims in this action. If the parties cannot agree on whether such additional disclosure is reasonably necessary, the matter shall be presented to the Court. Nothing in this paragraph shall limit a party's ability to argue that such disclosure constitutes a waiver of any applicable privilege.

### Confidentiality Undertaking

14.    Before any person described in paragraph 10(a), paragraph 10(b), paragraph 10(e), paragraph 10(i), paragraph 11(a), paragraph 11(b), paragraph 11(e), or paragraph 11(i), *supra*, is given access to Confidential or Highly Confidential Information, the individual to

whom disclosure is to be made shall first read this Order and execute an agreement substantially in the form attached hereto as Exhibit A. Execution of that agreement confirms the signatory's understanding of this Order, willingness to be bound by the provisions of this Order, and agreement to waive any objection, jurisdictional or otherwise, to the exercise by the Court of its power to enforce the terms of this Order by such means as the Court deems appropriate. Copies of such agreements shall be held by counsel of record for the party so disclosing the Confidential or Highly Confidential Information. The agreements executed pursuant to this paragraph shall only be discoverable upon order of the Court for good cause shown in the context of a bona fide dispute about compliance with this Order.

15.    Counsel for the parties to whom Confidential or Highly Confidential Information has been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Order.

## Filing Under Seal

16.    Where the Judge is satisfied that the parties are acting in good faith in deciding the parts of the record that constitute trade secrets and has made explicit that a confidentiality designation may be challenged by the party and/or any interested member of the public, the parties are free to keep that information it designates as Confidential or Highly Confidential Information out of the public record.

17.    Confidential or Highly Confidential Information shall not be filed with the clerk of the Court except when required by Court rule or in connection with motions or applications submitted to the Court. Any Confidential or Highly Confidential Information, and any court papers setting forth Confidential or Highly Confidential Information (including, without limitation, deposition transcripts, exhibits, briefs, affidavits, and affirmations), if filed, shall be

filed under seal while in the clerk's office as long as the documents or information retain their status as Confidential or Highly Confidential. Where possible, only confidential portions of filings with the Court shall be filed under seal. Court papers filed under seal pursuant to this Order shall have the following wording placed in italics at the top of the first page of the document:

> *This submission contains Confidential or Highly Confidential Information, access to which is governed by the Confidentiality Stipulation and Protective Order, entered [date of Order].*

### Challenges to Designations of Confidentiality

18.    Any party may, after attempting to resolve the matter by agreement, apply by motion to the Court for a ruling that certain documents or testimony designated as Confidential or Highly Confidential, or the information therein, are not entitled to confidential status or protection, or if designated Highly Confidential, are entitled only to be designated as Confidential. It is understood and agreed that the producing party will have the burden of establishing the grounds for confidential treatment of the document or testimony at issue. The confidential status of the documents, testimony, or information at issue shall be maintained pending the Court's ruling on the motion and any appeal therefrom.

19.    The parties shall not be obligated to challenge the propriety of any designation of information as Confidential or Highly Confidential, and the failure to do so shall not preclude any subsequent objection to such designation or motion seeking permission to disclose such information to persons not referred to in paragraphs 10 and 11, *supra*.

### Non-waiver of Privileges

20.    The inadvertent production in the course of discovery in this action of any document or information (whether designated as Confidential/Highly Confidential or not) shall

not be deemed to waive whatever attorney-client privilege, work-product protection or other privilege or immunity that would otherwise attach to the document or information produced or to other documents or information, as long as the producing party or person, promptly after discovery, notifies the other party or parties of the claim of privilege or other protection or immunity. Upon such notice, the other party or parties shall promptly return the original and all copies of the privileged documents or information to the producing party. The return of any documents claimed to be privileged shall not constitute an acknowledgment that the claimed documents or information are in fact privileged or entitled to protections or immunity. If the inadvertent production in the course of discovery in this action of any document or information (whether designated Confidential/Highly Confidential or not) cannot be resolved between the parties, the matter shall be submitted to the Court.

### Use of Confidential or Highly Confidential Information at Trial

21.    Confidential or Highly Confidential Information may be offered in evidence at trial or offered in any court hearing subject to procedures to be established by the Court.

### Subpoenas Seeking Confidential or Highly Confidential Information

22.    If any party or person that has obtained Confidential or Highly Confidential Information under the terms of this Order receives a subpoena or other legal process commanding the production of any such documents or information (the "subpoena"), such party or person shall promptly notify the party or person that designated the information or documents as Confidential or Highly Confidential of the service of the subpoena. The party or person receiving the subpoena shall not produce any Confidential or Highly Confidential Information in response to the subpoena without either the prior written consent of the party or person that designated the documents or information as Confidential or Highly Confidential, or an order of a

court of competent jurisdiction. However, the party or person that designated such Confidential or Highly Confidential Information in such case shall have the burden of seeking a court order relieving the subpoenaed party or person of the obligations of the subpoena prior to the return date of such subpoena, or the subpoenaed person or party shall be relieved of its obligations under this paragraph.

### Procedure Upon Termination of Litigation

23.    The provision of this Order shall not terminate at the conclusion of this action. Within thirty (30) days after the final determination of this action and any and all appeals therefrom, Confidential or Highly Confidential Information and all copies of same, and all documents containing or referring to Confidential or Highly Confidential Information, other than trial transcripts and trial exhibits admitted into evidence, declarations executed pursuant to paragraph 13 hereto and one copy of any pleading or paper filed of record with the Court, shall either be returned to the producing party or person or, at the request of the producing party or person, destroyed; provided, however, that privileged documents or work product need not be returned but instead shall be destroyed. All parties or persons that received Confidential or Highly Confidential Information shall certify compliance with this section and shall deliver the same to counsel for the person that produced the Confidential or Highly Confidential Information not more than sixty (60) days after the final conclusion of the pertinent action.

### Amendment to This Order

24.    The provisions of this Order may be modified only by order of the Court for good cause shown. Any party or third party is free to request such modification.

Dated:  April 1, 2008

_/s/ Ronald Y. Rothstein_____
Ronald Y. Rothstein
Bryna J. Dahlin
Eric L. Broxterman
Andrea L. Niemeier
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600 (Tel)

_/s/ William L. Niro (with consent)___
William L. Niro
NIRO, SCAVONE, HALLER & NIRO
181 W. Madison St., Suite 4600
Chicago, IL 60602
Telephone: (312) 236-0733
Facsimile: (312) 236-1097

Attorneys for Defendants

Attorney for Plaintiff

SO ORDERED:

_____

APR 1 0 2008

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| ANTHONY GOTTLIEB, Trustee of the NITA STRICKLAND BUSH ESTATE TRUST and Administrator of BURNING BUSH MUSIC, | : <br><br> : <br><br> : <br> **Case No.: 07 C 6843** |
| Plaintiffs, | : |
| v. | : <br> Hon. Joan B. Gottschall <br> Magistrate Judge Geraldine Soat Brown |
| DDB CHICAGO, INC., and CAPITAL ONE FINANCIAL CORPORATION, | : |
| Defendants. | : <br><br> : <br><br> : |

## ACKNOWLEDGMENT AND CONSENT

I hereby certify that: (i) I have read the Confidentiality Stipulation and Protective

Order (the "Order") that has been entered by the Court in this action and I understand its terms;

(ii) I understand that discovery material designated as Confidential or Highly Confidential under

the Order is being provided to me pursuant to the terms of the Order; (iii) I agree to be fully

bound by the provisions of the Order, including its provisions restricting disclosure of material

designated as Confidential or Highly Confidential and limiting the use of such material to the

conduct of the action; and (iv) I hereby submit to the jurisdiction of the United States District

Court for the Northern District of Illinois, Eastern Division, for purposes of enforcement of the

Order.

Dated:_____          Signature:_____

Case 1:07-cv-06843     Document 20     Filed 04/10/2008     Page 16 of 16